O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2580 PSG (PLAx) | Date | September 17, 2008 |
|---|---|---|---|
| Title | Resonance Technology, Inc. v. Koninklijke Philips Electronics, N.V., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | | Not Present | n/a |
| Deputy Clerk | | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                                Not Present

**Proceedings:**     **(In Chambers) Order on Defendants' Motion for More Definite Statement and for Identification of Trade Secrets (DOCUMENT #17)**

Pending before this Court is Defendants' Motion for More Definite Statement and for Identification of Trade Secrets. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court GRANTS in part and DENIES in part Defendants' Motion for More Definite Statement, and DENIES Defendants' Motion for Identification of Trade Secrets.

I.   BACKGROUND

On April 18, 2008, Resonance Technology, Inc. ("Plaintiff") filed a Complaint against Koninklijke Philips Electronics, N.V., Intermagnetics General Corporation, MRI Devices Corporation, and Invivo Corporation (collectively, "Defendants") alleging patent infringement and misappropriation of trade secrets. After Defendants and Plaintiff met and conferred on a previously-contemplated (but never filed) motion for more definite statement, Plaintiff agreed to file an amended complaint and did so on July 28, 2008. On August 18, 2008, Defendants filed the present motion for more definite statement and identification of trade secrets.

II.  LEGAL STANDARD

Fed. R. Civ. P. 8(a)(2) requires a plaintiff to include in its complaint a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2580 PSG (PLAx) | Date | September 17, 2008 |
|---|---|---|---|
| Title | Resonance Technology, Inc. v. Koninklijke Philips Electronics, N.V., et al. | | |

a response." Because the pleading requirements of the Federal Rules are construed liberally, motions for more definite statement are generally disfavored and rarely granted. See *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (C.D. Cal. 1981); William W. Schwarzer, *et. al.*, Federal Civil Procedure Before Trial, ch. 9:351 (9th Cir. ed., The Rutter Group 2008). If a 12(e) motion seeks detail that is obtainable through discovery, it will be denied. *Famolare*, 525 F. Supp. at 940; *Beery v. Hitachi Home Elecs. (America), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

III.     DISCUSSION

    *A.     Meet and Confer Requirement*

As an initial matter, Plaintiff contends that Defendants' motion was preceded by an inadequate meet-and-confer process, in violation of Local Rule 7-3. Local Rule 7-3 and the Court's Standing Order in this case require "counsel contemplating the filing of any motion [to] first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Under L.R. 7-3, this conference must take place at least five (5) days prior to the last day for filing the motion. Under Rule 6(a)(2) of the Federal Rules of Civil Procedure, periods of less than eleven days require exclusion of intervening Saturdays and Sundays.

The present motion was filed on August 18, 2008. Therefore, counsel were required to take part in the pre-filing conference by August 11, 2008. The parties dispute whether the conference was timely. (*See* Opp. 3:27-28; Reply, 9 n.5.) While the Court reminds counsel that they are required to comply with the Standing Order and all Local Rules, it will reach the merits of Defendants' motion.

    *B.     Patent Infringement Claim*

Defendants contend that Plaintiff should be required to file another amended complaint identifying the products that Plaintiff alleges infringe its patents. (MOP 5:1-3.) They point to allegations in Plaintiff's Amended Complaint ("AC") that "Defendants sell other products/devices which similarly infringe upon the '419, '544, and '732 patents," arguing that Plaintiff has failed to identify these "other products/devices." (MOP 5:15-20.)

Defendants have selectively cited from Plaintiff's AC, leaving out a crucial portion of paragraph 22, which reads in full:

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2580 PSG (PLAx) | Date | September 17, 2008 |
|---|---|---|---|
| Title | Resonance Technology, Inc. v. Koninklijke Philips Electronics, N.V., et al. | | |

In addition, based on information and belief, plaintiff alleges that defendants, and each of them, sell other products/devices which similarly infringe on the '419, '544, and '732 patents *in that the devices allow the utilization of an LCD display and audio signal to be brought into the magnet room of an MRI system by practicing the art of filtering and shielding as described in the patents*.

(AC ¶ 22) (emphasis added.) This paragraph satisfies the pleading requirements of Fed. R. Civ. P. 8(a)(2) by providing Defendants with "sufficient knowledge of the facts alleged . . . enabl[ing them] to answer the complaint and defend [themselves]." *See Phonometrics v. Hospitality Franchise Sys, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). The case Defendants cite, *Hewlett-Packard Co. v. Intergraph Corp*, No. C 03-2517, 2003 WL 23884794 (N.D. Cal. Sep. 6, 2003), does not compel a different result. In *Hewlett-Packard*, the complaint alleged that defendant was "making, using, offering to sell and/or selling infringing software and hardware products." *Id.* at *1. The defendant produced 150 different core technology platforms that were implemented into over 4,000 end-user application products. *Id.* Under those circumstances, the court found that the allegations failed to provide the defendant with "fair notice" because "Plaintiff's claim must be read as follows: one or more of Defendant's 4,000-plus products directly infringes, contributorily infringes, or induces infringement of at least one claim in each of the patents-in-suit." *Id.*

In contrast, here Plaintiff has narrowly identified the infringing products as those devices that "allow the utilization of an LCD display and audio signal to be brought into the magnet room of an MRI system by practicing the art of filtering and shielding as described in the patents." (AC ¶ 22.) This description provides Defendants with "fair notice" of Plaintiff's claims. Furthermore, Form 18 of the Federal Rules of Civil Procedure provides the following as an example of a direct patent infringement claim that is sufficient under Rule 8(a)(2): "The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors embodying the patented invention." Like the example in Form 18, in this case Plaintiff's AC alleges a specific "type" of product that allegedly infringes upon the patents at issue—i.e., those that "allow the utilization of an LCD display and audio signal to be brought into the magnet room of an MRI system by practicing the art of filtering and shielding as described in the patents." *See also Hewlett-Packard*, 2003 WL 23884794, at *1 (suggesting that a complaint limited to a single "type" of product would be sufficient under Rule 8(a)(2)). Plaintiff's AC is not so vague or ambiguous that Defendants cannot reasonably be required to respond. Therefore, Defendants' motion for a more definite statement as to Plaintiff's patent infringement claims is DENIED.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2580 PSG (PLAx) | Date | September 17, 2008 |
|---|---|---|---|
| Title | Resonance Technology, Inc. v. Koninklijke Philips Electronics, N.V., et al. | | |

C.  *Misappropriation of Trade Secrets Claim*

Defendants also seek a more definite statement as to Plaintiff's misappropriation of trade secrets claim.  They argue that the AC does not meet the pleading requirements for three reasons: (1) Plaintiff has not identified the trade secrets that were allegedly misappropriated; (2) Plaintiff has not separated the alleged trade secrets from matters of general knowledge; and (3) Plaintiff has not adequately identified how and when Defendants supposedly acquired the asserted trade secrets.  (MOP 8: 1-4, 7-8, 18-19.)

In order to establish a prima facie case of misappropriation of trade secrets under California's Uniform Trade Secret Act ("UTSA"), Cal. Civ. Code. §§ 3426.1 *et seq*., the plaintiff must allege: (1) the existence of a trade secret, (2) defendant's misappropriation of the trade secret, and (3) damages.  *See Cytodyn, Inc. v. Amerimmune Pharm., Inc.*, 72 Cal. Rtpr. 3d 600, 607, 160 Cal. App. 4th 288 (2008).

Defendants correctly argue that patented information cannot be a trade secret.  *See Cytodyn*, 160 Cal. App. 4th at 298; *Henry Hope X-Ray Prods., Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1342 (9th Cir. 1982) ("Matters disclosed in a patent publication destroy any trade secret contained therein.") Here, the allegations purportedly establishing Plaintiff's misappropriation of trade secrets claim are replete with references to Plaintiff's patented technology.  For example, the AC alleges:

> Plaintiff worked together with defendant Philips' subsidiary, defendant Invivo, to develop a product which permitted patient information to be viewed on an LCD monitor in the magnet room by virtue of filtering and shielding *as protected by the patents herein*.  Such cooperation was undertaken with the intent that the information transmitted by plaintiff to defendant Invivo would be confidential and not be used independently by Invivo for its own benefit.  Nonetheless, Invivo misappropriated plaintiff's technology and utilized it in developing its own products herein.
>
> Plaintiff is informed and believes and based on that information and belief that defendant MRI Devices, a subsidiary of defendant Philips, *with full knowledge of existence of plaintiff's patents*, developed a functional MRI system *using plaintiff's patented technology*.  MRI Devices used that information in filtering and shielding the audio and visual signals to permit LCD video display and audio to be used in the magnet room of an MRI

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2580 PSG (PLAx) | Date | September 17, 2008 |
|---|---|---|---|
| Title | Resonance Technology, Inc. v. Koninklijke Philips Electronics, N.V., et al. | | |

> system, by simply copying information made available to it. Defendants
> had reason to know that the technology they used included trade secret
> information.

(AC ¶¶ 45-46) (emphasis added). Additionally, Plaintiff states in its Opposition that the technology forming the basis of the trade secret claim was patented—making it necessarily public, not secret. (*See* Opp. 6:1-3.) Thus, Plaintiff has failed to identify any technology that Defendants have allegedly misappropriated which is capable of protection as a trade secret.

Therefore, Defendants' motion for a more definite statement as to Plaintiff's misappropriation of trade secrets claim is GRANTED. Plaintiff is hereby ORDERED to file an amended complaint that indicates what information, *aside from its patented technology*, that Defendants have allegedly misappropriated.[1]

      D.     *Statement of Trade Secrets Pursuant Cal. Civ. Proc. Code § 2019.210*

Finally, Defendants request that the Court order Plaintiff to submit a statement, pursuant to Cal. Civ. Proc. Code § 2019.210, "identifying with reasonable particularity the trade secrets that it alleges the Philips Defendants to have misappropriated." (MOP 11:26-12:1.) California Code of Civil Procedure § 2019.210 provides: "In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act . . . before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity."

As an initial matter, the parties dispute whether § 2019.10, a state rule of civil procedure, applies in this case. "Whether state limitations on discovery apply in federal diversity cases is unsettled. *Eire* may command application of state rules that are outcome-determinative." Schwarzer, *et. al.*, ch. 11:538 (citing *Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F. Supp.2d 980, 992 (S.D. Cal. 1999). In *Computer Economics*, the court held that "[a] federal court cannot

---

[1] However, the Court adds that Plaintiff needs not allege in greater detail when and where Defendants allegedly acquired its trade secrets. A motion for more definite statement attacks unintelligibility in a pleading, not mere lack of detail. *See Wood v. Apodaca*, 375 F. Supp. 2d 942, 949 (N.D. Cal. 2005). Furthermore, such a motion may not be used as a substitute for discovery. *See id.*; Schwarzer, *et al.*, ch. 9:350.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2580 PSG (PLAx) | Date | September 17, 2008 |
|---|---|---|---|
| Title | Resonance Technology, Inc. v. Koninklijke Philips Electronics, N.V., et al. | | |

separate Cal. Civ. Proc. Code. § 2019(d) [the predecessor to § 2019.10] from the whole of California's Uniform Trade Secrets Act without frustrating the legislature's legitimate goals and disregarding the purposes of Erie." 50 F. Supp. 2d at 992; *see also I-Flow Corp. v. Apex Med. Techs.*, No. 07cv1200, 2008 WL 2233962, at *2 (S.D. Cal. May 23, 2008) (evaluating sufficiency of plaintiff's statement under § 2019 without addressing its applicability in federal court). However, in *Proven Methods Seminars, LLC v. Am. Grants & Affordable Hous. Inst.*, the court declined to follow the reasoning in *Computer Economics* and found that as a rule of state civil procedure, § 2019.210 is inapplicable in federal court. No. CIV S-07-1588, 2008 WL 282374, at *3 (E.D. Cal. Jan. 31, 2008). Additionally, the Court notes that "[e]ven if state law limitations on discovery are not binding in federal actions, the district court will often grant a protective order . . . that accomplishes the same result." Schwarzer, *et al.* ch. 11:539; *see also Applied Materials, Inc. v. Advanced Micro-Fabrication Equip. (Shanghai) Co., Ltd.*, No. C 07-5248, 2008 WL 183520, at *1 n.2 (N.D. Cal. Jan. 18, 2008) (declining to address whether § 2019.210 applies in federal court and noting that the court may issue a protective order requiring disclosure of trade secrets).

The Court need not reach the question of whether § 2019.210 applies in federal court, however, because even assuming that it does, Defendants' motion for identification of trade secrets is premature at this stage of the proceedings. Plaintiff correctly argues that the § 2019.210 requirement is related to discovery, not pleading.[2] *See Bryant v. Mattel, Inc.*, Nos. 04-09049, 04-09059, 05-02727, 2007 WL 5430886, at *15 (C.D. Cal. Jun. 27, 2007) (finding that the "unambiguous language of the statute" indicates that it is related to discovery, not pleading); *Computer Economics*, 50 F. Supp. 2d at 990 n.11 (noting that Cal. Civ. Proc. Code § 2019(d), the predecessor to § 2019.10, does not affect plaintiff's pleading requirements). The parties have not yet reached the discovery stage. Furthermore, Defendants' right to proceed with discovery is unconstrained by this statutory requirement, and Plaintiff has not attempted to engage in discovery such that issuance of a protective order would be appropriate. *See* Robert I. Weil, et al., California Practice Guide: Civil Procedure Before Trial ch. 8:60 (The Rutter Group 2008) ("If the complaint does not describe the trade secret adequately, plaintiff must provide a

---

[2] The purposes of the statute are to allow the court to control the scope of discovery, to protect the parties' confidential proprietary information, and to allow the parties the opportunity to prepare for trial on the merits. The requirement "does not mean that the party alleging misappropriation has to define every minute detail of its claimed trade secret at the outset of litigation." *Advanced Modular Sputtering, Inc. v. Sup. Ct.*, 132 Cal. App. 4th 826, 835-36, 33 Cal. Rptr. 3d 901 (2005).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2580 PSG (PLAx) | Date | September 17, 2008 |
|---|---|---|---|
| Title | Resonance Technology, Inc. v. Koninklijke Philips Electronics, N.V., et al. | | |

*separate statement* containing the requisite description. . . . Although plaintiff cannot commence discovery until such description is provided, *defendant's right to proceed with discovery is not affected*.") (emphasis in original). Accordingly, Defendants' motion for identification of trade secrets pursuant to § 2019.10 is hereby DENIED.

IV.     CONCLUSION

For the foregoing reasons, Defendants' motion for more definite statement is DENIED as to Plaintiff's patent infringement claim, and GRANTED as to Plaintiff's misappropriation of trade secrets claim. Defendants' motion for identification of trade secrets is DENIED.

**IT IS SO ORDERED.**

**AB for WH**